## COMMONWEALTH *vs.* CORNELIUS C. MALONEY.

Under an indictment for being a common seller of intoxicating liquors, evidence may be introduced that persons were frequently seen to go in and out of the defendant's shop at all hours of the day and evening; that some of them carried in and out jugs and demijohns and gin and beer barrels; and that the defendant's name was on the shop.

The allegation of time in an indictment for a single sale of intoxicating liquors need not be proved as laid, although the indictment contains a count for being a common seller.

Evidence of unlawful sales of intoxicating liquors under such circumstances as would support an indictment for a nuisance under *St.* 1855, c. 405, is admissible in support of an indictment for the single sales under *St.* 1855, c. 215.

If the evidence offered at the trial is sufficient to support the allegations in the indictment, the presumption is that the offence proved is that charged; and an immaterial variance in time will not authorize the jury to find them not to be same.

INDICTMENT on *St.* 1855, *c.* 215, for being a common seller of intoxicating liquors from the 1st of December 1859 to the 21st of May 1860; with a second and third counts for single sales to Chauncey R. Shaw on the 3d of January and the 1st of February 1860. At the trial in the superior court before *Vose,* J., the Commonwealth offered much evidence tending to prove that the defendant kept a shop, and that in said shop was kept a large quantity of various kinds of liquors, and that a pump, and liquor measures; and large numbers of casks were seen there at different times. And the judge, against the defendant's objection, allowed a witness to testify that during the period named in the first count he had frequently seen people go in and out of the defendant's shop, at all hours of the day and evening, and carry in and out jugs and demijohns, and gin and beer barrels; and that the defendant's name was on the shop.

The district attorney proposed to prove by Shaw that he had purchased liquor of the defendant prior to the 1st of December 1860, for the purpose of sustaining the second and third counts. The defendant objected to any such evidence, and to any proof of sales made by the defendant prior to that time; but the judge overruled the objection, and Shaw testified to purchasing liquor of the defendant twice during the summer and fall of 1859. After the defendant's counsel had closed his argument, the district attorney, without objection, entered a *nolle prosequi* on the first count. In charging the jury, the judge instructed them, under objection from the defendant, that the district attorney having abandoned the first count, charging the defendant with being a common seller, the prosecution was to be regarded as one for single sales alone, and that they might convict the defendant on the second and third counts, if they were satisfied that he had made two specific and distinct sales to Shaw at any time since the liquor law took effect in 1855.

Before the Commonwealth introduced any evidence, the defendant objected to the proof of such facts as would be competent to establish the guilt of the defendant for maintaining a common nuisance under the *St.* of 1855, *c.* 405, by having used certain premises for the illegal sale and keeping of intoxicating

liquors; but the judge ruled that the government might prove such facts, although the evidence might also show that the defendant had been guilty of a violation of the nuisance act. The defendant contended that if the evidence on the part of the government proved any offence, it was under the *St.* of 1855, *c.* 405, and that therefore this indictment could not be sustained; but the judge declined so to rule, and instructed the jury that they would be authorized to convict the defendant if they were satisfied that the allegations in the second and third counts of the indictment, or either of them, were proved.

The defendant contended that the grand jury did not indict the defendant for the two above named sales to Shaw. The court instructed the jury that if they were satisfied that the defendant made two specific sales to Shaw in the summer and fall of 1859, and that there was no evidence that any other sales were made by the defendant to Shaw, and that Shaw was a witness before the grand jury, the jury would be authorized in presuming that the grand jury intended to charge the defendant with the sales testified to by Shaw, though stated in the indictment to have been made at a different time from that stated by Shaw. The defendant requested the court to instruct the jury that though they would be authorized, if they were satisfied of the foregoing facts, to find that the grand jury intended to charge the defendant with said sales, it would be competent for them to find that the grand jury did not so intend. But the court declined so to instruct the jury, or to instruct them otherwise than as above stated.

The defendant was convicted, and alleged exceptions.

*E. W. Bond,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

HOAR, J. 1. The circumstantial evidence as to the occupation of the defendant's shop, and the manner of conducting business there, was clearly admissible in connection with other evidence, under the count in the indictment, charging him with being a common seller. *Commonwealth* v. *Tubbs,* 1 Cush. 2 But as upon that count a *nolle prosequi* was subsequently entered, its admission became immaterial.

2. The allegation of time in an indictment for a single sale of intoxicating liquors is not material and need not be proved as laid; and this rule is not affected by the fact that the indictment also includes a count against the defendant as a common seller.

3. It is no objection against the conviction of the defendant for two distinct sales, to show, under an indictment in which that offence is properly set forth, that the sales were made under such circumstances as would have made them evidence under an indictment for a nuisance. *Commonwealth* v. *Bubser*, 14 Gray, 83. *Commonwealth* v. *Hudson*, 14 Gray, 11.

4. If the evidence offered is sufficient to support the allegations in the indictment, the presumption is that the offences proved are the same as those charged in the indictment; and it would not be competent for the jury to find them not to be the same, upon no other evidence than the fact that the time proved did not correspond with that averred, the variance being immaterial. *Commonwealth* v. *Burke*, 14 Gray, 81.

*Exceptions overruled.*